UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP CARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00224-JMS-TAB |
| | ) |
| BMW OF NORTH AMERICA, LLC, | ) |
| BAVARIAN MOTOR WORKS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.   Introduction**

Plaintiff Phillip Carroll seeks to compel Defendant BMW of North America, LLC ("BMW") to produce records relating to a statute of limitations issue and for the Court to lift its stay on deposing BMW and two dealerships. Carroll alleges that BMW knew of underlying defects with his BMW's engine and fraudulently concealed this information. More specifically, Carroll claims that a service manager at a BMW dealership made a misleading statement to him, during the warranty period, regarding his vehicle's oil consumption, which postponed BMW's obligation to repair the engine until after the warranty had expired. For reasons explained below, the Court grants Carroll's motion to compel discovery [Filing No. 79] in part, but only to the extent Carroll seeks to conduct depositions of BMW and the dealership where he purchased the vehicle. The Court declines to compel the written discovery requests or additional depositions sought at this time.

## II.     Background

In April 2010, Carroll purchased a new 2010 BMW 7 Series 750Lxi from Bill DeFouw BMW ("DeFouw"), an authorized BMW dealer. [Filing No. 29, at ECF p. 3.] In his amended complaint, Carroll alleges that within a couple years after purchasing the vehicle, he observed that it consumed an excessive amount of engine oil which required him to add oil before the recommended oil change intervals. [Filing No. 29, at ECF p. 3.] On one occasion, Carroll told a service manager at DeFouw about the add oil light, and the service manager said that "it was normal for the vehicles high performance engine to burn oil." [Filing No. 29, at ECF p. 3.] Carroll contends that the engine in his new BMW was defective all along, and BMW was aware, but that BMW intentionally made misleading statements to Carroll to push back BMW's obligation to repair until after the warranty expired. [Filing No. 79, at ECF p. 1.] In his amended complaint, Carroll argues that this fraudulent concealment tolled the statute of limitations applicable to Carroll's claims. [Filing No. 29, at ECF p. 15-17.]

On January 31, 2020, the Court held a telephonic status conference to address a discovery dispute regarding records and depositions Carroll sought from BMW relating to the underlying statute of limitations issue and Carroll's fraudulent concealment allegations. [Filing No. 74.] BMW argued that Carroll would admit at his deposition, scheduled for February 5, 2020, that he never had problems with excessive oil during the warranty period. [Filing No. 82, at ECF p. 2.] The Court concluded that resolving the dispute before Carroll's scheduled deposition would be premature. [Filing No. 74, at ECF p. 1.] However, the Court informed the parties that if a discovery dispute remained after Carroll's deposition, Carroll could file a motion to compel. [Filing No. 74, at ECF p. 1.]

2

At his subsequent deposition, Carroll testified that around two years after purchasing the vehicle in question, he received a notice on his car to add a quart of oil between oil changes. [Filing No. 82, at ECF p. 32.] Carroll called the service manager and was told that his vehicle had a high-performance engine, and this was normal for this type of car. [Filing No. 82, at ECF p. 32, 38.] Afterward, Carroll just added a quart of oil to the vehicle himself. [Filing No. 82, at ECF p. 37.] In addition, Carroll testified that the add oil light would turn on around once a year between oil changes and he would just put a quart of oil in it as he had done the first time it happened. [Filing No. 82, at ECF p. 40.] Carroll did not otherwise complain about excessive oil consumption to DeFouw until July 2018, when the vehicle had 100,324 miles on it. [Filing No. 82, at ECF p. 59-60.] The parties conferred again after Carroll's deposition and failed to resolve the underlying discovery dispute. [Filing No. 79, at ECF p. 4.]

Carroll then filed the motion to compel that now pends and asks the Court to enter an order: (1) compelling BMW to produce documents and answer interrogatories, as other courts did in other cases involving similar claims against BMW; (2) lifting the stay on depositions of BMW so Carroll can proceed with a deposition of BMW's corporate designee and notice Michael Murray, BMW's Senior Engineer, for a deposition; and (3) lifting the stay on subpoenas for documents and depositions of Dreyer & Reinhold of Greenwood and Bill DeFouw BMW dealerships. [Filing No. 79, at ECF p. 4-5.] BMW responded [Filing No. 82], and Carroll subsequently filed a reply brief [Filing No. 84]. BMW then filed a motion to strike Carroll's reply, arguing that the Court's January 31 order set a briefing schedule for a motion and response only. [Filing No. 86, at ECF p. 1.]

**III.	Discussion**

As a preliminary matter, the Court agrees that Carroll's reply brief is improper. The Court's prior order did not contemplate a reply brief. Therefore, BMW's motion to strike [Filing No. 86] is granted, and Carroll's reply brief [Filing No. 84] is stricken.[1]

Moving to the merits, Carroll seeks records showing whether BMW knew of and concealed a defect on the type of engine in his vehicle when he purchased the vehicle and when Carroll later complained. [Filing No. 79, at ECF p. 5.] Fed. R. Civ. P. 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." As Carroll notes, parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party opposing a motion to compel has the burden to show that discovery requests are improper. *See, e.g.*, *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018) ("After the moving party establishes relevancy of the sought information, the burden shifts to the objecting party to show why a particular discovery request is improper." (Internal citation and quotation marks omitted)); *Todd v. Ocwen Loan Servicing, Inc.*, No. 2:19-cv-00085-JMS-DLP, 2020 WL 1328640, at *2 (S.D. Ind. Jan. 30, 2020) ("The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections are proper given the broad and liberal construction of the federal discovery rules.").

---

[1] Carroll argues in his reply that BMW's Exhibit 1 [Filing No. 82, at ECF p. 7-9] should be stricken because it contains confidential information regarding settlement discussions. However, Exhibit 1 is not a confidential settlement statement or other confidential document. It is BMW's email to the Court prior to the January 31 telephonic status conference summarizing BMW's position regarding the discovery dispute. In the email, BMW briefly references a statement Carroll allegedly made during early settlement discussions with the Court. This is not a sufficient basis for striking the exhibit as a whole. Thus, Carroll's request is denied.

BMW contends that Carroll's deposition confirmed BMW's earlier position that Carroll did not experience the alleged oil consumption issues during the warranty period. [Filing No. 82, at ECF p. 2.] BMW references only Carroll's testimony regarding excessive oil consumption relayed to DeFouw at 100,324 miles in 2018, which occurred after the warranty period. [Filing No. 82, at ECF p. 2.] However, this is a mischaracterization of Carroll's testimony. As noted above, Carroll also testified that he spoke with a service manager at DeFouw roughly two years after purchasing the vehicle and told the manager about the add oil light coming on. [Filing No. 82, at ECF p. 32, 38.] Carroll testified that the manager told him that it was normal to have to add oil between oil changes because of the high-performance engine used in his type of vehicle. [Filing No. 82, at ECF p. 32, 38.] BMW reiterates in its response to the Court that adding a quart of oil between service visits is normal and within vehicle specifications. [Filing No. 82, at ECF p. 5.] The issue, however, is whether BMW ultimately concealed an underlying issue that was known at the time Carroll first reached out to the service manager. Whether the manager's statement was truthful or misleading is something that the additional discovery Carroll requests may clarify.

BMW also asks the Court to disregard the declaration of Carroll's expert, Darren Manzari. [Filing No. 82, at ECF p. 3.] However, the Court has not relied on Manzari's declaration in granting Carroll's motion. The Court has much discretion when it comes to resolving discovery issues. *See, e.g., Wanko v. Bd. of Trustees of Indiana Univ.*, 927 F.3d 966, 969 (7th Cir. 2019) ("Managing the discovery process is the district court's business. The district court is in the best position to decide the proper scope of discovery and to settle any discovery disputes. Accordingly, we deferentially review discovery decisions for abuse of discretion." (Internal citations, quotation marks, and ellipses omitted)).

In this case, BMW has not met its burden in opposing the motion to compel. *See Bell, 330 F.R.D. at 520*. Therefore, Carroll's request to lift the stay on depositions of BMW so Carroll can depose BMW's corporate designee and Murray is reasonable. In addition, Carroll's request to lift the stay on the deposition of Bill DeFouw BMW dealership is also reasonable and, therefore, is lifted. The parties shall confer on a mutually agreeable date for such depositions. Carroll's additional requests to compel other depositions and written discovery are denied at this time. Spending more time on paper discovery, and perhaps even additional depositions, seems unnecessary when the permitted depositions presumably can shed light on the issue. If Carroll does not get sufficient information from these depositions, the parties should again confer to resolve any remaining disputes or requests. If unsuccessful, the parties may contact the Court once more for assistance, though the Court presently believes these depositions should suffice.

### IV.  Conclusion

For reasons stated above, Carroll's motion to compel [Filing No. 79] is granted in part and denied in part. Defendant's motion to strike Carroll's reply brief [Filing No. 86] is granted. The Clerk is directed to strike Carroll's reply brief [Filing No. 84] from the record.

Date: 4/16/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email