UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHILLIP CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00224-JMS-TAB |
| | ) | |
| BMW OF NORTH AMERICA, LLC, | ) | |
| BAVARIAN MOTOR WORKS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT'S  MOTION TO RECONSIDER

This matter is before the Court on Defendant BMW of North America, LLC's motion
[Filing No. 116] to reconsider the Court's order [Filing No. 111] denying Plaintiff Phillip
Carroll's motion [Filing No. 106] to maintain under seal various documents [Filing No. 108;
Filing No. 109; Filing No. 108-1; and Filing No. 108-2].[1]  In the underlying motion to seal,
pursuant to S.D. Ind. L.R. 5-11, Carroll moved to seal these documents because they contain, or
reference, information designated "confidential" by BMW.  [Filing No. 106.]  This Local Rule
further requires the designating party to file, within 14 days of service of the motion to seal,
either a statement authorizing the unsealing of the filings or a brief in support of maintaining the
filings under seal.  Because BMW did not timely file any brief in support of Carroll's motion to
maintain the documents under seal, the Court denied the motion and directed the Clerk to unseal
Filing Nos. 108, 109, 108-1, and 108-2 after 21 days, absent any motion to reconsider, appeal, or
further court order.  [Filing No. 111.]

---

[1] Carroll's motion cited to Filing Nos. 104, 105, 104-6, and 104-11 when referencing the filings
that Carroll seeks to maintain under seal, but these are the publicly available, redacted versions
of those documents (or the cover sheet indicating that the exhibits have been filed under seal).

On January 7, 2021, BMW filed a motion to reconsider, which now pends.  [Filing No. 116.]  In the reconsideration motion, BMW states that it failed to initially file a brief in support of Carroll's motion because BMW was under the good faith impression that it was excused from doing so in light of the district court's order [Filing No. 110] striking, *sua sponte*, the motion for summary judgment to which these documents were intended as exhibits.  [Filing No. 116, at ECF p. 1.]  However, since the district court's order only referenced the motion itself [Filing No. 103], and not the additional exhibits [Filing No. 104] or the brief in support of the motion [Filing No. 105], the brief and exhibits remain on the docket, and the motion to seal [Filing No. 106] remained outstanding.

The Court recognizes the good faith basis for BMW's failure to timely file a brief in support of Carroll's motion.  It is not clear to the Court why, at this point, neither party has simply moved to strike these documents from the record.  Nevertheless, they remain on the docket, and BMW now argues there is good cause for these documents to remain sealed because: "(1) the parties agree they should remain sealed, (2) the public has no bona fide interest in viewing these documents, (3) plaintiff has filed a cross-motion for summary judgment which involves the same documents[2], and (4) the documents contain information regarding protectable trade secrets, which plaintiff acknowledges."  [Filing No. 116, at ECF p. 2.]

First, a clarifying point: BMW argues that "[t]he parties agree that Dkts. 108, 109, 108-1, and 108 should remain sealed.  In his motion to file these documents under seal (Dkt. 106), plaintiff acknowledges that these documents have been designated as confidential, and he moved to file the documents under seal."  [Filing No. 116, at ECF p. 2.]  While the Court appreciates

---

[2] BMW acknowledges that to comply with S.D. Ind. L.R. 5-11, it will need to file an additional brief in support of keeping the documents referenced with the cross-motion under seal.  [Filing No. 116, at ECF p. 4.]

when parties come to an agreement on issues, Local Rule 5-11 only authorizes the clerk to maintain a document under seal if authorized to do so by statute, rule or court order; the parties' stipulation to seal the document is not enough.  S.D. Ind. L.R. 5-11(b).  *See, e.g., Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."); Order at 2, *Rolls-Royce North Am. Techs., Inc. v. Dynetics, Inc.*, No. 1:19-cv-4302-TWP-TAB (S.D. Ind. Dec. 18, 2019), ECF No. 81 (joint stipulation to maintain documents under seal not sufficient basis, on its own, to maintain documents under seal); *Swarthout v. Ryla Teleservices, Inc.*, No. 4:11-CV-21-PRC, 2012 WL 5361756, at *2 (N.D. Ind. October 20, 2012) ("Notwithstanding the parties' agreement, then decision of whether good cause exists to file a document under seal rests solely with the Court.").

Nevertheless, BMW's fourth and final argument, that the documents contain confidential trade secret information, provides the Court good cause to maintain Exhibits 6 [Filing No. 108-1] and 11 [Filing No. 108-2] documents under seal.  BMW notes that the documents contained in Exhibit 11, for instance, "are technical diagnostic / repair documents created internally by BMW NA engineers to compile, research, and understand customer complaints as well as to provide diagnostic / repair guidance to a team of BMW NA engineers." [Filing No. 116, at ECF p. 4.] Similarly, BMW notes that Exhibit 6 "contains substantial discussion of sensitive and proprietary BMW NA materials." [Filing No. 116, at ECF p. 5.]  BMW sets forth good cause to maintain Exhibit 11 [Filing No. 108-2] and Exhibit 6 [Filing No. 108-1] under seal.

Finally, While BMW's motion describes in detail the reasons why Filing Nos. 108-1 and 108-2 should remain under seal, the motion only generally references Filing Nos. 108 and 109.

BMW does not set forth any argument that these documents contain trade secret or confidential information.  Since the motion for summary judgment to which these filings were attached was stricken, the Court will grant the motion to reconsider and allow these documents to remain under seal as well, as there is no public interest in seeing documents that need not remain on the docket.  However, if these documents are referenced with another filing (such as the cross-motion for summary judgment) and again filed under seal, good cause must be set forth in order to maintain the filings under seal.  In addition, the designating party should take care to follow the requirements of Local Rule 5-11 and also address whether redaction would cure any of the confidentiality concerns with respect to each document sought to be maintained under seal.  *See* S.D. Ind. L.R. 5-11(e)(2).

Accordingly, for the reasons stated above, BMW's motion to reconsider is granted.

[Filing No. 116.]  The Clerk shall maintain Filing Nos. 108, 108-1, 108-2, and 109 under seal.

Date: 1/13/2021

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email